```
                                    ___ FILED  ___ LODGED
                                        ___ RECEIVED
                                       October 17, 2013
                                    CLERK U.S. DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON AT TACOMA
                              BY _____ DEPUTY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. CR13-5357-CVB |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER RE: DEFENSES OF |
| ) | NECESSITY AND JUSTIFICATION |
| WILLIAM J. BICHSEL, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter relates to defendants' March 4, 2013 arrest and citation for entry upon a military installation for a purpose prohibited by law or regulation, in violation of 18 U.S.C. §§ 7 and 1382. Defendants were taking part in a protest, at Naval Base Kitsap – Bangor, seeking the disarmament of nuclear weapons. They were arrested after crossing a "blue enforcement line" marking the point at which Navy security personnel typically enforce their right to exclude unauthorized persons from entering the base. (*See* Dkt. 17 at 2.)

Defendants filed a trial brief reflecting their intent to seek defenses of necessity and justification under international law. (Dkt. 18.) The Court construes this filing as a motion to

ORDER
PAGE -1

permit testimony. Having now considered that motion, and for the reasons described below, the Court finds no basis for granting the request.

Defendants assert that nuclear warheads are illegal under international and national law, including treaties signed by the United States, and argue that the Supremacy Clause of the United States Constitution requires this Court to allow them to present a defense under international law. They maintain a moral responsibility to begin disarmament and make the danger of nuclear weapons known. Defendants also seek to present a necessity defense, arguing it is now allowed given a new understanding of "imminent harm" as addressed in Department of Justice guidelines, and as supported by recent decisions of the United States Supreme Court. Defendants point to the changing opinions of various military, political, and religious leaders as to nuclear weapons, and cite a study as supporting their reasonable belief as to a direct causal relationship between their actions and averting harm.

Defendants fail to provide any support for a defense based on international law. In fact, this argument, in a case involving some of the same defendants named in the current matter, has been rejected by the Ninth Circuit Court of Appeals. *United States v. Kelly*, 676 F.3d 912, 917 n.2 (9th Cir. 2012) (rejecting contention that district court improperly excluded international law defense: "Because the Hague Convention does not supersede the statutes criminalizing appellants' conduct, there was no 'international law defense' for the jury to consider.")

Defendants likewise fail to provide any basis for allowing a defense of necessity. A court may preclude a defense of necessity where "'the evidence, as described in the defendant's offer of proof, is insufficient as a matter of law to support the proffered defense.'" *United States*

*v. Schoon*, 971 F.2d 193, 195 (9th Cir. 1992) (quoting *United States v. Dorrell*, 758 F.2d 427, 430 (9th Cir. 1985)).  To invoke the necessity defense, defendants must make a colorable showing that:  "(1) they were faced with a choice of evils and chose the lesser evil; (2) they acted to prevent imminent harm; (3) they reasonably anticipated a direct causal relationship between their conduct and the harm to be averted; and (4) they had no legal alternatives to violating the law."  *Id*. (citing *United States v. Aguilar*, 883 F.2d 662, 693 (9th Cir. 1989)).

As conceded by defendants, federal courts have consistently precluded political protesters, including nuclear weapon activists, from utilizing a necessity defense. *See*, *e.g.*, *United States v. Kelly*, No. CR10-5586-BHS, 2010 U.S. Dist. LEXIS 123514 at *7 (W.D. Wash. Nov. 22, 2010) ("In political protest cases, as is the case here, the Ninth Circuit consistently upholds the exclusion of the necessity defense.") (citing *Dorrell*, 758 F.2d at 431-434, and *United states v. May*, 622 F.2d 1000 (9th Cir. 1980)).   Indeed, in *Kelly*, this Court concluded the defendants failed to set forth the elements of a necessity defense in similar circumstances:

> . . . Defendants entered the Bangor Naval base, admittedly to symbolically disarm Trident warheads. Defendants, like those in *May*, have not established evidence that could support a reasonable belief that such action would result in the [elimination of the] Trident program, alter the United States defense strategy, or have cause[d] any reduction in the risk of nuclear war. Defendants have not established the existence of imminent harm at the time they attempted to symbolically disarm nuclear weapons kept at the Bangor base. Defendants also have not established that legal alternatives were not available to them.

2010 U.S. Dist. LEXIS 123514 at *7-8.

Defendants fail to support their contention that the understanding of a showing of imminent harm in a necessity defense has changed.   Indeed, the documents and case law relied

ORDER
PAGE -3

upon – including a "White Paper" issued by the Department of Justice regarding the use of lethal force against United States citizens and Supreme Court decisions addressing affirmative action or voting rights (*see* Dkt. 18 at 5-6) – are plainly inapposite.  Likewise, a study showing greater success of nonviolent, as compared to violent movements (*see id*. at 6-7) does not suffice to demonstrate the causal relationship required for a showing of necessity in considering the facts of this case.

Defendants, in sum, fail to set forth a colorable showing of the elements required for a necessity defense.  A defense of necessity is not appropriate given the lack of the requisite immediacy of harm, the fact that defendants cannot be said to have reasonably anticipated their actions would result in furthering their cause of nuclear disarmament, and because other legal alternatives existed – including defendants' ability to conduct their protest behind the blue enforcement line.

The Court finds no basis for a defense either under international law or based on necessity.  Accordingly, defendants' construed motion to permit testimony (Dkt. 18) is DENIED.

DATED this 17th day of October 2013.

/s/ Mary Alice Theiler
Mary Alice Theiler
Chief United States Magistrate Judge